ANDREWS v. KERR ET AL.

1. **Practice in the Supreme Court:** ABSTRACT. A finding of fact made by a court, jury or referee, in an action at law or in equity, cannot be reviewed in the Supreme Court, if a timely objection be interposed, unless the abstract contains a statement that all the evidence introduced on the trial is contained therein.

2. ———: ———: CERTIFICATE. In an equity case, triable *de novo*, the certificate of the trial judge must recite that the abstract contains not simply the material portions, but all the evidence.

*Appeal from Mills Circuit Court.*

FRIDAY, DECEMBER 6.

ACTION in equity to quiet the title to real estate. The Circuit Court found for the plaintiff, and entered a decree accordingly. The defendants appeal.

*Edmonds & Younkin*, for appellants.

*Boal & Jackson* and *Hale, Stone & Proudfit*, for appellee.

SEEVERS, J.—A solution of this controversy depends upon the determination of two questions of fact. The court below evidently found there was a preponderance of evidence in favor of the plaintiff on both propositions, and her counsel now insists that the abstract does not purport to contain all the material evidence, and, therefore, the questions of fact cannot be reviewed in this court. If this be true, the objection is a fatal one, as no errors are assigned and the cause is triable *de novo* only.

Counsel for the appellants do not claim there is any statement in the abstract showing that all, or the material portions, of the evidence is contained therein, but insist "the term 'abstract' imports that the material portion of the case is included, and the immaterial excluded." It admits of some doubt whether the word "abstract," as used in our judicial proceedings, has the meaning claimed; but conceding it has, then all the material evidence, in the opinion of counsel for the appellant, is before us. He, however, may be mistaken, and other minds might come to different conclusions upon this subject. It is essential, before a finding of fact made by a court, jury or referee, in an action at law or in equity, can be reviewed in this court, if a timely objection be interposed, that the abstract must contain a statement that *all* the evidence introduced on the trial below is contained therein. We do not mean to be understood that the exact words above indicated must be used. Others, having the same meaning, would, no doubt, be sufficient. There are many decisions in which this rule is announced or clearly indicated. Among them are: *Britton v. Central R. Co.*, 39 Iowa, 390; *Hubbard v. Epperson*, 40 Id., 408; *Adams v. Beadle*, 43 Id., 579; *Starr v. Burlington*, 45

1. PRACTICE in the supreme court: abstract.

Id., 87; *Lillie v. Skinner*, 46 Id., 329; *Grant v. Grant*, 46 Id., 478.

Here we might well stop, but, in view of the doubt and uncertainty which seem to exist among at least a portion of the bar in relation to the preparation of abstracts, we venture to suggest that the abstract

2. ——: ——:
certificate.

stands in the place of the transcript, and what the latter must contain, if a review of the findings of fact is desired in equity causes in this court, is defined by statute. Code, § 2742. It will be seen, by a reference to this section, that the trial judge must certify to this court "*all*" the evidence offered on the trial. It is not sufficient if said judge certifies the substance or material portions of the evidence.

Now, as the abstract stands in the place of the transcript, it must contain a statement that all the evidence is contained therein. If it does so, it will not be sufficient for the appellee to simply deny such statement, but he must set forth the omitted evidence.

It may be said that the appellant might purposely prepare an unfair abstract and thus put the appellee to the trouble and expense of preparing that which it is the duty of the appellant to prepare. To this it may be said that we have the power, and should, in such case, certainly exercise it, to sufficiently punish both the party and attorney who should purposely or negligently prepare an unfair abstract.

AFFIRMED.